<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| R.D., | : | Civil Action No. 23-2129 (SRC) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff R.D. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning March 11, 2016. A hearing was held before ALJ Peter R. Lee (the "ALJ") on July 20, 2019, and the ALJ issued an unfavorable decision on August 14, 2019. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of August 14, 2019, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain exertional limitations. At step four, the ALJ also found that this residual functional capacity was sufficient to allow Plaintiff to perform her past relevant work as a hand packager. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) at step four, the ALJ's determination that Plaintiff retains the residual functional capacity to perform her past relevant work is not supported by substantial evidence; 2) at step three, the ALJ did not adequately consider Plaintiff's impairments in combination; and 3) at step four, the ALJ failed to consider the evidence obtained from Plaintiff's daughter.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

Plaintiff begins with a vague argument that challenges something about the ALJ's reliance on the testimony of a vocational expert, who testified that Plaintiff's past relevant work required frequent reaching and handling and occasional fingering. Plaintiff argues: "This classification is not consistent with the evidence in this case and the ALJ failed to reconcile the conflicting evidence before denying Desai's claim." (Pl.'s Br. at 18.) A threshold problem for the Court is that Plaintiff does not further explain the contention. Plaintiff does not identify the allegedly conflicting evidence.

In the preceding paragraph in Plaintiff's brief, however, there were two observations made. First, it noted that the vocational expert testified that he had changed his classification of the past relevant work from a previously-made classification after hearing new testimony from the claimant about the past work in question. Second, it pointed to a rebuttal expert report that opined that the claimant's past relevant work should be classified as requiring constant reaching, handling, and fingering.

Even if this Court were to connect these dots to fill in Plaintiff's argument, there is still no basis to find harmful error. The observation that the vocational expert revised his opinion after hearing new testimony from the claimant does not, without more, support any inference of

error.[1]  Nor does the fact that the record contains conflicting evidence (here, a report from a private consultant) support any inference of error.  The record before an ALJ often contains conflicting evidence, and it is the province of the ALJ as finder of fact to weigh the evidence and arrive at a factual determination.  This Court is authorized only to review the decision under the substantial evidence standard. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.")  The Third Circuit has held:

> A federal court's substantial-evidence review is "quite limited." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). A court may not weigh the evidence or substitute its own findings for the Commissioner's. *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). [Plaintiff's] arguments amount to a request to reweigh the evidence and review the Commissioner's findings and decision *de novo*.

Davern v. Comm'r of Soc. Sec., 660 Fed. Appx. 169, 173-74 (3d Cir. 2016). See also Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) ("Neither the district court nor this court is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.")  Plaintiff has done no more here than vaguely refer to some evidence that she believes deserved greater weight and ask the Court to reweigh the evidence, which it may not do.

The Court finds that the vocational expert's testimony constitutes substantial evidence of the functional demands of Plaintiff's past relevant work, as it was actually performed.  The Commissioner's step four determination is supported by substantial evidence.

In her second argument, Plaintiff contends that the ALJ erred by failing to consider Plaintiff's impairments in combination.  This Court makes two observations.  First, the ALJ

---

[1] In the reply brief, Plaintiff repeats the contention that the record evidence conflicted with the vocational expert's assessment of the demands of the past relevant work, but never identifies the allegedly conflicting evidence of record.

stated that he did so.  (Tr. 15-16.)  Second, Plaintiff has made no showing that, even if the ALJ had failed to properly consider her impairments in combination, this harmed her: Plaintiff has not mustered the evidence to show that specific impairments, in combination, are equivalent to a specific Listed impairment.  In the absence of such a showing, required by Shinseki, this Court cannot conclude that any such error, had it occurred, harmed her.

In her third argument, Plaintiff contends that the ALJ gave no explanation of his assessment of the statement of Plaintiff's daughter, and that this is reversible error.  Because Plaintiff filed her claim after March 27, 2017, the applicable Regulation states: "We are not required to articulate how we considered evidence from nonmedical sources . . ."  20 C.F.R. § 404.1520c(d).  The ALJ was not required to articulate how he considered the evidence offered by Plaintiff's daughter.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that she was harmed by any errors.  Plaintiff has not shown that the ALJ erred at step four, has not shown that the evidence supported a decision in her favor, and has made no demonstration of prejudice as required by Shinseki.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

      s/ Stanley R. Chesler  
    STANLEY R. CHESLER, U.S.D.J.

Dated: November 30, 2023